**SIGNED.**

**Dated: February 01, 2008**



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| DONNEL S. BOEHM, | No. 4:05-bk-02378-JMM |
| Debtor. | Adversary No. 4:07-ap-00068-JMM |
| DONNEL S. BOEHM, Debtor, and DIANNE C. KERNS, Chapter 13 Trustee, | **MEMORANDUM DECISION** |
| Plaintiffs, | |
| vs. | |
| PLAYHARD TRANSPORT, a New Mexico corporation; and JASON ELGERSMA, individually, | |
| Defendants. | |

## BACKGROUND
### A. The Chapter 13 Case

The Debtor filed a chapter 13 petition on May 2, 2005. To date, the Debtor still has not confirmed a plan. The Debtor is a bulk long-haul driver employed by Air Liquide (at the time of filing). He earns (take-home) $1,816 per month, and his expenses for the same period are $1,699 (Schedules I and J).

Prior to the bankruptcy filing, the Debtor had a lawsuit against these same Defendants pending in the New Mexico state court.

The Debtor's chapter 13 plan proposes to pay creditors $100 per month for a 36-month period. After payment of administrative expenses, there will be only a minor dividend paid to creditors.

**B. <u>The Adversary Proceeding</u>**

The instant case was filed on October 3, 2007. It seeks turnover of property claimed to belong to the estate, a Peterbuilt tractor and a Dodge truck.

The Debtor served the complaint by mail, sending the pleadings out on October 5, 2007. When no answer was received by November 13, 2007, the Debtor asked the clerk to enter default. Default was entered on November 14, 2007.

On December 10, 2007, before judgment could be entered, the Defendants appeared, and filed an answer and a motion to set aside default.

The motion, supported by the affidavit of Jason Elgersma, essentially states that he was on the road working at the time that the complaint was mailed, and had no dispatcher or other office personnel available to report the service to him. Mr. Elbergsma also noted that, although a copy was also sent to his state court attorney, that gentleman failed to advise him of the complaint's existence.

The Debtor's response contends that Mr. Elgersma was merely negligent, and that default should be entered. The Debtor's affidavit, however, contains speculative statements as to what may have occurred and why no answer was filed, but recited no specific facts to rebut those of Mr. Elgersma.

On January 28, 2008, the motion was argued to the court.

**THE LAW**

A motion to set aside a default is governed by FED. R. CIV. P. 55 (made applicable to bankruptcy proceedings by FED. R. BANKR. P. 7055). The rule states that an entry of default may

be set aside "for good cause." This is a discretionary standard which is less strict than a motion to set aside a judgment. That latter type of motion requires a showing of excusable neglect. *See* FED. R. BANKR. P. 9024; *cf. Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489 (1993).

The Arizona state courts have a more developed case law to assist trial courts as to what standards to apply in setting aside entry of a default. Those cases are helpful here. The ultimate test considers the policy that cases should be tried on their merits whenever possible. *Ramada Inns, Inc. v. Lane and Bird Advertising, Inc.*, 102 Ariz. 127, 426 P.2d 395 (1967). Of course, a cavalier attitude is not good cause, nor is it neglect. Other factors to be considered are that a defaulted party made a prompt application for relief, and that a meritorious defense exists. *See Beyerle Sand & Gravel, Inc. v. Martinez*, 118 Ariz. 60, 574 P.2d 853 (App. 1977).

Here, the court finds that Mr. Elgersma has properly asserted a meritorious defense, and that he acted promptly to set aside the entry of default. As to his reason for not answering within the 30-day period, his explanation is credible, and not rebutted by the Plaintiffs.

## **RULING**

Accordingly, a separate order will be entered which sets aside the entry of default which was entered on November 27, 2007 (Dkt #11).

The clerk will then issue a standard trial scheduling order, and this matter may proceed to active litigation.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Eric Slocum Sparks
Law Office of Eric Slocum Sparks, P.C.
110 South Church Ave., #2270
Tucson, AZ 85701-3031
Attorneys for Debtor                                Email eric@ericslocumsparkspc.com

Ronald N. Allen
Allen & Copperstone
252 W Ina Rd Ste 203
Tucson, AZ 85704                                    Email: ronald.allen@azbar.org

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706                              U.S. Mail


By /s/ M. B. Thompson
      Judicial Assistant